In re Donald L. SMITH and Rebecca
J. Smith, a/k/a Rebecca J.
Parkhurst, Debtors.

William R. LUTZ, Sr., Plaintiff,

v.

Donald L. SMITH and Rebecca J. Smith,
a/k/a Rebecca J. Parkhurst,
Defendants.

Bankruptcy No. 91–3820–BM.
Adv. No. 92–0080–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 2, 1992.

Ross S. Bash and Matthew G. Maggio, Delmont, Pa., for plaintiff.

M. Jay Earley, Indiana, Pa., for debtors/defendants.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff in the above adversary action seeks a determination that a debt owed to him by debtors/defendants is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and a determination that the amount of the debt is $17,720.22.

Debtors agreed to purchase Lutz Enterprises from plaintiff for the sum of $16,930.14. Plaintiff turned over operation of the business to debtors before receiving payment of the purchase price when debtors represented that they would make payment from the proceeds of a workman's compensation award debtor Donald Smith expected to receive in the near future. Debtors did not pay plaintiff upon their receipt of the award. They instead abandoned the business days after receipt of the workman's compensation award and started another business similar to the one they had purchased from plaintiff.

Plaintiff maintains that debtors intentionally or recklessly misrepresented to him that they would pay the agreed upon purchase from the proceeds in order to acquire his customer list for use in the business they subsequently opened.

Debtors deny that they intentionally or recklessly misrepresented to plaintiff that they would make payment from the award and deny that they utilized plaintiff's customer list in the business they subsequently opened. To the contrary, debtors aver that *at the time the promise was made* it was their intent to keep same. They aver they *later* changed their minds. With reference to the customer list, debtors aver it had no value and in fact it was readily available to anyone utilizing the Yellow Pages.

Judgment will be entered for debtors and against plaintiff. The applicable laws of the United States of America mandate that the debt owed to plaintiff is dischargeable.

I

## FACTS

Plaintiff had been the sole owner since 1972 of Lutz Enterprises, a trucking agency located in New Alexandria, Pennsylvania. Plaintiff arranged for customers to ship their goods on common carriers for which he was paid a commission by the carrier.

Debtor Donald Smith had been a truck driver for some twenty (20) years until he injured his back in December of 1988. Because he was no longer able to work as a truck driver after his injury, Mr. Smith began working for a trucking agency owned by George Sitts. In so doing, he learned how to operate a trucking agency with an eye towards opening another such venture in cooperation with Sitts.

Plaintiff decided in late–1989 to sell his business if a buyer could be located. In the event a buyer could not be located in all probability said business would merely be shut down.

Plaintiff first was introduced to debtors by a third party in January of 1990. On February 19, 1990, plaintiff and debtors reached an oral agreement whereby debt-

ors were to purchase Lutz Enterprises for $16,930.14. Included among the assets sold were a mobile home, equipment and supplies, customer lists, and the goodwill of the business.

Debtors lacked the funds at that time to pay the agreed upon purchase price. They represented to plaintiff that Mr. Smith was to receive a workman's compensation award in the very near future and stated that they would pay the full amount of the purchase price as soon as they received the award.

Plaintiff relied upon debtors' representation and turned over operation of the business to them on February 19, 1990. Debtors were in exclusive control of the business as of then.

The closing on the sale of the business originally was scheduled for March 16, 1990. It did not occur as scheduled due to a delay in receipt of the award by Mr. Smith.

On March 23, 1990, Mr. Smith received a lump sum award of $50,000.00.

Debtors vacated the premises and returned the keys to the business to plaintiff on March 28, 1990. They sent a check in the amount of $790.08 on March 30, 1990 to pay certain bills incurred by them during the time they were in control of the business.

Plaintiff has not found another buyer for the business, which has ceased operating.

On April 11, 1990, debtors opened another trucking agency in Shelocta, Pennsylvania, which is approximately twenty (20) miles from Lutz Enterprises. The business ultimately failed, Mr. Smith's compensation award was dissipated, and the venture was closed.

On October 22, 1991, debtors filed a joint voluntary chapter 7 petition. Schedule F, Creditors Holding Unsecured Nonpriority Claims, listed a debt in the amount of $16,700 owed to plaintiff for the purchase of a business.

Plaintiff, whose own discharge in bankruptcy was recently granted, filed this adversary action objecting to discharge of the debt owed to him.[1] Trial was held on October 23, 1992, at which time both sides were permitted to present whatever evidence they deemed appropriate.

## II

## ANALYSIS

Plaintiff seeks a determination that the debt owed to him by debtors is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides in pertinent part as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual from any debt— ...

(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

■ In order for the debt at issue to be nondischargeable pursuant to § 523(a)(2)(A), plaintiff must establish that:

[1] debtors obtained money, property, services, or credit through a material misrepresentation;

[2] debtors knew, at that time, that the representation was false or was made with gross recklessness as to its truth;

[3] debtors intended to deceive plaintiff;

[4] plaintiff reasonably relied on the false representation; and

[5] plaintiff suffered a loss and damages as a proximate result of the materially false representation.

*See P & W Foreign Car Service, Inc., v. Edwards (In re Edwards),* 143 B.R. 51, 54 (Bankr.W.D.Pa.1992).

■ The standard of proof for determining whether a particular debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) is the preponderance of the

---

1. A review of the schedules of the Lutz bankruptcy case, found at Bankruptcy No. 89–0270–BM, curiously *fails to list this asset, even though at trial* Lutz stated that he owned same for a period approximating eighteen (18) years.

evidence standard. *See Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

It is undisputed that elements (1)(4), and (5) have been satisfied in this case. Debtors falsely represented to plaintiff that they would pay the agreed upon purchase price as soon as Mr. Smith received his award. Debtors have refused to make that payment. Plaintiff reasonably relied upon debtors' representation and turned over control of the business to them. As a consequence, plaintiff has suffered economic loss in that he has never been paid and has not found another buyer.

Debtors do, however, dispute elements (2) and (3). They deny that they knew, at the time they promised to pay, that the representation was false or that they were recklessly indifferent to its truth. Also, they deny that they intended to deceive plaintiff when they made the representation.

■ Plaintiff has failed to establish elements (2) and (3). He has not demonstrated by a preponderance of the credible evidence that debtor, *at the time they so represented,* either knew that they would not pay plaintiff from the proceeds of the award or were reckless in so representing. In addition, plaintiff has not demonstrated that they so represented with intent to deceive him. Debtors did not decide to refuse to pay plaintiff until *after* they had taken control of Lutz Enterprises.

Debtors were evasive at trial when pressed to explain why they breached their agreement with plaintiff and refused to pay him. For instance, Mr. Smith unconvincingly asserted that debtors reneged because they were unable to get a commitment from the owner of the land on which the mobile home was situated to a long-term lease. He also alluded to dissatisfaction with the number of clients willing to do business with them.

Their evasiveness in this regard underscores the true reason for their default. Debtors reneged because they realized, *after they had taken over the business,* that they had made a bad deal. Their belief that the business would be profitable turned out to be erroneous. Once they so realized, debtors brazenly breached their agreement with plaintiff and refused to pay him the purchase price. It was only after debtors came to this realization that they decided not to pay plaintiff. At the time the agreement was reached on February 19, 1990, debtors intended to pay plaintiff once they received the workman's compensation award.

This is not to say that debtors' conduct, after they came to this realization, was exemplary. To the contrary, their conduct after that was outrageous and callous. As soon as debtors realized they had struck a bad deal, they defiantly breached the agreement and left plaintiff to fend for himself.

If a debt was not dischargeable because of outrageous and blatant breach of contract, there would be ample basis for a determination that the debt at issue here is not dischargeable. Unfortunately, the Bankruptcy Code makes no such provision. We are constrained in this instance to apply the Code as enacted and must not dispense our own version of justice as we see fit.

An appropriate order shall be entered.